**425-15**

CAUSE NO: PD-0425-15

CAUSE NO: 06-14-00076-CR

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

ORIGINAL

JULIO TORRES PALOMO
APPELLANT

V.

THE STATE OF TEXAS
APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

---

ON APPEAL FROM THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS AT
TEXARKANA
AND
ON APPEAL FROM THE 196th JUDICIAL DISTRICT
COURT OF HUNT COUNTY, TEXAS
TRIAL NO: 28777

---

BRIEF FOR PETITION FOR DISCRETIONARY REVIEW

---

PETITIONER, PRO-SE    JULIO TORRES PALOMO
#1953341
MC CONNELL UNIT
3001 S. EMILY dR.
BEEVILLE, TEXAS 78102

FILED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

# LIST OF PARTIES

APPELLANT

ATTORNEY FOR APPELLANT

JULIO TORRES PALOMO

DAVID "KEITH" WILLEFORD
LINDEN & WILLEFORD
P.O. BOX 11
GREENVILLE, TEXAS 75401
(AT TRIAL)

CARIANN ABRAMSON
P.O. BOX 1683
FORNEY, TEXAS 75126
(ON APPEAL)

PROSECUTORS

KELI AIKEN
ASSISTANT DISTRICT ATTORNEY
(AT TRIAL)

GEORGE "CALVIN" GROGAN
ASSISTANT DISTRICT ATTORNEY
(AT TRIAL)

NOBLE D. WALKER
DISTRICT ATTORNEY
(ON APPEAL)

HUNT COUNTY DISTRICT ATTORNEY'S
OFFICE
2507 LEE STREET
GREENVILLE, TEXAS 75401

# TABLE OF CONTENTS

INDEX OF AUTHORITIES

STATEMENT OF THE CASE

ISSUES PRESENTED

STATEMENT OF FACTS

SUMMARY OF ARGUMENT

ARGUMENT

## POINT OF ERROR ONE

INSUFFICIENT PROOF OF APPELLANT COMMITTING CONTINUOUS SEXUAL ASSAULT OF NANCY RAMIREZ.

## POINT OF ERROR TWO

INSUFFICIENT PROOF OF APPELLANT COMMITTING CONTINUOUS SEXUAL ASSAULT OF KARY RAMIREZ.

## POINT OF ERROR THREE

NANCY RAMIREZ STATEMENTS ARE INADMISSIBLE UNDER THE OUTCRY EXCEPTION WHEN THE TRANSLATOR did NOT ACCURATELY TRANSLATE THE QUESTIONS AND ANSWERS TO/OF THE FORENSIC INTERVIEWER who TESTIFIED AS THE OUTCRY WITNESS WHO WAS ACTUALLY THIRD PARTY WITNESS UNDER TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.072 AND NOT ELIGIBLE TO TESTIFY AS ORIGINAL OUTCRY WITNESS. Claudia Alvarado WAS THE FIRST PERSON OVER THE AGE OF 18 YEARS TO BE TOLD OF THE ALLEGED INCIDENT. TRIAL COURT Abused IT'S discretion WHEN Allowed Charlene Ralph who IS OFFICIALLY A FORENSIC INTERVIEWER TO TESTIFY UNDER THE HEARSAY EXCEPTION PURSUANT TO ART. 38.072 OF TEXAS Code OF CRIMINAL PROCEDURE.

## POINT OF ERROR FOUR

NANCY RAMIREZ STATEMENTS ARE INADMISSIBLE UNDER THE OUTCRY EXCEPTION WHEN THE TRANSLATOR Claudia ALVARADO did NOT ACCURATELY TRANSLATE THE STATEMENTS (QUESTIONS + ANSWERS) TO/OF THE FORENSIC INTERVIEWER WHO TESTIFIED AS THE OUTCRY WITNESS.

## POINT OF ERROR FIVE

APPELLANT WAS PREJUDICED by TRIAL COURT'S FAILURE TO APPOINT NEW TRIAL COUNSEL (deFENSE) WHEN A CONFLICT OF INTEREST AROSE UNDER disciplinary RULES between TRIAL COUNSEL And APPELLANT. SEE. STATE BAR OF TEXAS "ETHICAL CONSIDERATIONS ON Code OF PROFESSIONAL RESPONSIBILITY", EC 7-8.

## POINT OF ERROR SIX

APPELL IS ENTITLED TO A NEW TRIAL BECAUSE THE STATE, THROUGH IT'S CHILD ADVOCACY CENTER, FAILED TO PROVIDE MITIGATING AND/OR EXCULPATORY MATERIAL AFTER REQUEST BY APPELLANT ON NUMEROUS OCCASIONS.

## POINT OF ERROR SEVEN

APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE TRIAL COUNSEL: (A): ALLOWED APPELLANT TO FILE A SWORN STATEMENT OF FACT CONCERNING HIS CRIMINAL HISTORY (WITHOUT PROPER INVESTIGATION OF ALL FACTS; A MINISTRIAL DUTY) THAT RESULTED IN A PERJURY INDICTMENT AND CHARGE WHICH THUS CREATED A CONFLICT OF INTEREST. (SEE TEXAS BAR RULES OF LAWYER'S PROFESSIONAL CONDUCT (B): ATTORNEY FAILED TO REQUEST A CONTINUANCE WHEN STATE'S AGENT HUNT COUNTY CHILD ADVOCACY CENTER FAILED TO PRODUCE REQUESTED MITIGATING EVIDENCE AND/OR EXCULPATORY MATERIAL REQUESTED SEVERAL TIMES, WHICH FINALLY BECAME APPARENT AT TRIAL.

PRAYER

CERTIFICATE OF SERVICE

UNSWORN DECLARATION

4

# INDEX OF AUTHORITIES

## CASES

ANDREWS V. STATE, 159 S.W. 3d 102-03

BONE V. STATE, 77 S.W. 3d 828, 835 (TEX. CRIM. APP. 2002)

BROOKS V. STATE, 323 S.W. 3d 893, 912 (TEX. CRIM. APP. 2010)

BRADY V. MARYLAND, 373 U.S. 87, 83 S.CT. 1194

CASSIDY V. STATE, 149 S.W. 3d 712, 715 (TEX. CRIM. APP. 2004)

CUYLER V. SULLIVAN, 446 U.S. 335, 348, 50

EX PARTE BATTLE, 817 S.W. 2d 81, 88 (TEX. CRIM. APP. 1991)

EX PARTE BRIGGS, 187 S.W. 3d 458, 469 (TEX. CRIM. APP. 2005)

EX PARTE DUFFY, 607 S.W. 2d 507, 514, 519 (TEX. CRIM. APP. 1980)

EX PARTE PELTON, 815 S.W. 2d 733, 735-36 (TEX. CRIM. 1991)

EX PARTE MARTINEZ, 330 S.W. 3d 891, 900 (TEX. CRIM. APP. 2011)

EX PARTE WELBORN, 785 S.W. 2d 391, 393 (TEX. CRIM. APP. 1990)

EX PARTE WILSON, 724 S.W. 2d 72, 74 (TEX. CRIM. APP. 1987)

EX PARTE YBARRA, 629 S.W. 2d 943, 946 (TEX. CRIM. APP. 1982)

FORD V. STATE, 305 S.W. 3d 530, 533 (TEX. CRIM. APP. 2009)

GARCIA V. STATE, 792 S.W. 2d 88 (TEX. CRIM. APP. 1999)

GARCIA V. STATE, 871 S.W. 2d 279 (TEX. APP. EL PASO 1994, NO. PET.)

GALLEGOS V. STATE, 756 S.W. 2d 45, 48 (TEX. APP.-SAN ANTONIO 1988 PET. REF'D)

GAY V. STATE, 98 S.W. 3d 864, 866 (TEX. APP. HOUSTON [1st DIST.] 1998)

GARZA V. STATE, 213 S.W. 3d 338, 347 (TEX. CRIM. APP. 2007)

HERNANDEZ V. STATE, 726 S.W. 2d 53, 57, 61 (TEX. CRIM. APP. 1986)

HARDY V. STATE, 246 S.W. 3d 290, 296 (TEX. APP. HOUSTON [14th dist] 2008)

HOOPER V. STATE, 214 S.W. 3d 9, 13 (TEX. CRIM. APP. 2007)

IN RE POSADAS USA INC. 100 S.W. 3d 254, 259 (TEX APP-SAN ANTONIO 2001)

JACKSON V. STATE, 443 U.S. 307, 319 (1979)

JACKSON V. VIRGINIA, 766 S.W. 2d 504, 508 (TEX. CRIM. APP. 1985)

JOHNSON V. STATE, 304 U.S. 458, 464 (1938)

JOHNSON V. STATE, 967 S.W. 2d 410, 417 (TEX. CRIM. APP. 1998)

KYLES V. WHITLEY, 514 U.S. 419, 437, 38, 115 S.CT. 1555 (1995)

LANKSTON V. STATE, 827 S.W. 2d 907, 911 (TEX. CRIM APP. 1992)

LONG V. STATE, 800 S.W. 2d 545, 547

MONTGOMERY V. STATE, 810 S.W. 2d 372, 380 (TEX. CRIM APP. 1991)

MOTILLA V. STATE, 78 S.W. 3d 352, 355 (TEX. CRIM. APP. 2002)

MONREAL V. STATE, 947 S.W. 2d 559, 564 (TEX. CRIM. APP. 1997)

MOUSSAZADEH V. STATE, 361 S.W. 3d 685, 689 (TEX. CRIM. APP. 2012)

PAYNE V. STATE, 516 S.W. 2d 675, 677 (TEX. CRIM. APP. 1974)

SAAVEDRA V. STATE, 297 S.W. 3d 342, 348 (TEX. CRIM. APP. 2008)

STRICKLAND V. WASHINGTON, 466 U.S. 696 (1984)

THOMAS V. STATE, 15 S.W. 3d 140 (TEX. APP.-TEXARANA 1999)

U.S. V. BAGLEY, 473 U.S. 667, 105 S. CT. 3375 (1990)

WIGGINS V. SMITH, 539 U.S. 510, 521-22 (2003)

YATES V. STATE, 941 S.W. 2d 357, 364 (TEX. APP-WACO 1997)

## STATUTES AND RULES

TEX. PEN. CODE § 21.02

TEX. PEN. CODE § 21.02 (h)

TEX. DISCIPLINARY R. PROF. Conduct Rule 1.06(b)(2)

TEX. CODE CRIM. PROC. ART. 38.072

TEX. CODE CRIM. PROC. ART. 38.072 § 2 (A)(3)

TEX. R. APP. P. 44.2 (b)
CONSTITUTIONAL AMENDMENTS
U.S. CONST. AMENDS VI, XIV

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW APPELLANT, JULIO TORRES PALOMO, AND SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW ON APPEAL FROM A CONVICTION FOR ALLEGED CONTINUOUS SEXUAL ASSAULT OF A YOUNG CHILD(REN) IN THE 196th JUDICIAL DISTRICT COURT OF HUNT COUNTY TEXAS, THE HONORABLE STEVE R. TITTLE JR, JUDGE PRESIDING.

## STATEMENT OF THE CASE

APPELLANT WAS INDICTED ON JANUARY 25, 2013, FOR CONTINUOUS SEXUAL ASSAULT ALLEGING TWO OR MORE OF THE FOLLOWING ACTS:

1. INDECENCY WITH A CHILD BY SEXUAL CONTACT BY APPELLANT TOUCHING THE GENITALS OF KARY RAMIREZ;

2. INDECENCY WITH A CHILD BY SEXUAL CONTACT BY APPELLANT TOUCHING THE GENITALS OF KARY RAMIREZ;

3. INDECENCY WITH A CHILD BY SEXUAL CONTACT BY CAUSING KARY RAMIREZ TO TOUCH THE GENITALS OF APPELLANT;

4. AGGRAVATED SEXUAL ASSAULT BY PENETRATION OF THE ANUS OF KARY RAMIREZ BY APPELLANT'S SEXUAL ORGAN;

5. AGGRAVATED SEXUAL ASSAULT BY APPELLANT'S SEXUAL ORGAN TO CONTACT OR CONTACT AND PENETRATE ANUS OF KARY RAMIREZ;

6. AGGRAVATED SEXUAL ASSAULT BY PENETRATION OF THE ANUS OF NANCY RAMIREZ BY APPELLANT'S SEXUAL ORGAN;

7. AGGRAVATED SEXUAL ASSAULT BY PENETRATION OF SEXUAL ORGAN OF KARY RAMIREZ BY APPELLANT'S SEXUAL ORGAN;

8. AGGRAVATED SEXUAL ASSAULT BY CAUSING THE MOUTH OF NANCY RAMIREZ TO CONTACT THE SEXUAL ORGAN OF APPELLANT;

9. AGGRAVATED SEXUAL ASSAULT BY PENETRATION OF THE MOUTH OF NANCY RAMIREZ BY APPELLANT'S SEXUAL ORGAN;

10. AGGRAVATED SEXUAL ASSAULT BY CAUSING THE SEXUAL ORGAN OF APPELLANT TO CONTACT THE ANUS OF NANCY RAMIREZ;

11. AGGRAVATED SEXUAL ASSAULT BY CAUSING SEXUAL ORGAN OF APPELLANT TO CONTACT SEXUAL ORGAN OF NANCY RAMIREZ AND/OR

12. INDECENCY WITH A CHILD BY SEXUAL CONTACT BY APPELLANT TOUCHING THE SEXUAL ORGAN OF NANCY RAMIREZ;

ON SEPTEMBER 1, 2010, TEX. PEN. CODE § 21.02. THE ALLEGED OFFENSES ARE FIRST-DEGREE FELONIES THAT ARE PUNISHABLE BY CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR LIFE, OR FOR ANY TERM OF NOT MORE THAN 99 YEARS OR LESS THAN 25 YEARS. SEE, TEX. PEN. CODE § 21.02 (A).

2

ON MARCH 24, 2014, JURY TRIAL PROCEEDINGS BEGAN. APPELLANT PLEADED NOT GUILTY TO THE CHARGE OF CONTINUOUS SEXUAL ABUSE OF YOUNG CHILD[REN] AND ALL THE ALLEGED ACTS THEREIN, BUT THE JURY CONVICTED APPELLANT ON APRIL 1, 2014 OF CONTINUOUS SEXUAL ABUSE OF YOUNG CHILD[REN] AS CHARGED IN THE INDICTMENT.

PUNISHMENT WAS ASSESSED BY THE JURY ON APRIL 1, 2014 AT LIFE. NOTICE OF APPEAL WAS FILED ON APRIL 17, 2014. ADDITIONALLY ON APRIL 17, 2014 APPELLANT FILED A MOTION FOR NEW TRIAL. AN AMENDED MOTION FOR NEW TRIAL ON PUNISHMENT AND A MOTION IN ARREST OF JUDGMENT WAS FILED ON MAY 14, 2014. AN AMENDED MOTION FOR NEW TRIAL ON GUILT INNOCENCE AND MOTION IN ARREST OF JUDGMENT WAS FILED ON MAY 28, 2014. ON MAY 28, 2014, THE TRIAL COURT HEARD APPELLANT'S MOTION FOR NEW TRIAL AND TOOK IT UNDER ADVISEMENT, BUT ULTIMATELY DENIED THE MOTION FOR NEW TRIAL ON JUNE 10, 2014.

## ISSUES PRESENTED
### POINT OF ERROR ONE

INSUFFICIENT PROOF OF APPELLANT COMMITTING CONTINUOUS SEXUAL ASSAULT OF NANCY RAMIREZ.

### POINT OF ERROR TWO

INSUFFICIENT PROOF OF APPELLANT COMMITTING CONTINUOUS SEXUAL ASSAULT OF KARY RAMIREZ.

### POINT OF ERROR THREE

NANCY RAMIREZ STATEMENTS ARE INADMISSIBLE UNDER THE OUTCRY EXCEPTION WHEN THE TRANSLATOR did NOT ACCURATELY TRANSLATE THE QUESTION AND ANSWERS TO/OF THE FORENSIC INTERVIEWER WHO TESTIFIED AS THE OUTCRY WITNESS. WHO WAS ACTUALLY THIRD PARTY WITNESS UNDER TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.072 AND NOT ELLIGIBLE TO TESTIFY AS ORIGINAL OUTCRY WITNESS. CLAUDIA ALVARADO WAS THE FIRST PERSON OVER THE AGE OF 18 YEARS TO BE TOLD OF THE ALLEGED INCIDENT. TRIAL COURT ABUSED IT'S DISCRETION WHEN ALLOWED HUNT COUNTY CHILD ADVOCACY CENTER (HEREINAFTER HCCAC) CHARLENE RALPH WHO IS OFFICIALLY A FORENSIC INTERVIEW TO TESTIFY UNDER THE HERESAY EXCEPTION PURSUANT TO ART. 38.072 OF TEXAS CODE OF CRIMINAL PROCEDURE.

### POINT OF ERROR FOUR

NANCY RAMIREZ STATEMENTS ARE INADMISSIBLE UNDER THE OUTCRY EXCEPTION WHEN THE TRANSLATER CLAUDIA ALVARADO did NOT ACCURATELY TRANSLATE THE STATEMENTS (QUESTIONS & ANSWERS) TO/OF THE FORENSIC INTERVIEWER WHO TESTIFIED AS THE OUTCRY WITNESS.

### POINT OF ERROR FIVE

APPELLANT WAS PREJUDICED bY TRIAL COURT'S FAILURE TO APPOINT NEW TRIAL COUNSEL (defENSE) WHEN A CONFLICT OF INTEREST AROSE UNDER disCIPLINARY RULES bETWEEN TRIAL COUNSEL AND APPELLANT. SEE, STATE BAR OF TEXAS "ETHICAL CONSIDERATIONS ON CODE OF PROFESSIONAL RESPONSIbILITY," EC 7-8.

### POINT OF ERROR SIX

APPELLANT IS ENTITLED TO A NEW TRIAL bECAUSE THE STATE, THROUGH IT'S CHILD ADVOCACY CENTER, FAILED TO PROVIDE MITIGATING AND/OR EXCULPATORY MATERIAL AFTER REQUEST bY APPELLANT ON NUMEROUS OCCASIONS.

## POINT OF ERROR SEVEN

APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE TRIAL COUNSEL: (A) ALLOWED APPELLANT TO FILE A SWORN STATEMENT OF FACT CONCERNING HIS CRIMINAL HISTORY (WITHOUT PROPER INVESTIGATION OF ALL FACTS; A MINISTRIAL DUTY) THAT RESULTED IN A PERJURY INDICTMENT AND CHARGE WHICH THUS CREATED A CONFLICT OF INTEREST. (SEE TEXAS BAR RULES OF LAWYERS PROFESSIONAL CONDUCT). (B) ATTORNEY FAILED TO REQUEST A CONTINUANCE WHEN STATE'S AGENT HUNT COUNTY CHILD ADVOCACY CENTER FAILED TO PRODUCE REQUESTED MITIGATING AND/OR EXCULPATORY MATERIAL REQUESTED SEVERAL TIMES, WHICH FINALLY BECAME APPARENT AT TRIAL.

## STATEMENT OF FACTS

ON SEPTEMBER 17, 2012, IT IS ALLEGED THAT APPELLANT'S BIOLOGICAL DAUGHTER, COMPLAINANT NANCY RAMIREZ, MADE AN OUTCRY TO A SCHOOLMATE, NAMED EVELYN RESELADO, WHILE RIDING THE SCHOOL BUS HOME, SHE TOLD HER MOTHER, MARIBEL RESELADO, WHO REPORT'S IT TO THE SCHOOL COUNSELOR, DEBORAH FLOYD, WITH THE SUPPORT OF MARIBEL'S PASTOR, CARLOS MENDOZA. TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES (HEREINAFTER "CPS") IS CALLED. NEITHER COMPLAINANT NANCY RAMIREZ NOR HER SISTER, ALLEGED COMPLAINANT KARY RAMIREZ WHO IS THE STEP-DAUGHTER OF APPELLANT, MAKE OUTCRY TO THE CPS WORKER, AISHA COUTAIN. MS COUTAIN WITH CPS ARRANGES FOR FORENSIC INTERVIEWS TO BE CONDUCTED AT THE HUNT COUNTY CHILD ADVOCACY CENTER (HCCAC) THE FOLLOWING DAY. CHARLENE RALPH IS A FORENSIC INTERVIEWER WITH THE HCCAC WHICH ALLEGEDLY INTERVIEWS BOTH GIRLS THROUGH THE USE OF A BI-LINGUAL INTERPRETER, CLAUDIA ALVARADO, WHOM WORKS FOR THE HUNT COUNTY SHERIFF'S OFFICE AS A LAY-PERSON WHOM DOES CLERK-WORK AS A BACK-GROUND RESEARCHER; IS NOT TRAINED, CERTIFIED, LICENCED OR EDUCATED AS A FORENSIC INTERVIEWER, NOR IS A LICENCED PEACE OFFICER.

ON OR ABOUT SEPTEMBER 18, 2012 IT'S ALLEGED COMPLAINANT NANCY RAMIREZ MADE AN OUTCRY TO CHARLENE RALPH DURING A FORENSIC INTERVIEW, THROUGH CLAUDIA ALVARADO, OF HAVING TOUCHED THE APPELLANT'S PENIS AND VAGINAL PENETRATION. COMPLAINANT KARY RAMIREZ DID NOT MAKE AN OUTCRY OF ANY ABUSE ON SEPTEMBER 18, 2012. ON OCTOBER 17, 2012 OR ABOUT, IT'S ALLEGED A SECOND FORENSIC INTERVIEW WAS SET UP FOR ALLEGED COMPLAINANT

10

KARY RAMIREZ WITH CLAUDIA ALVARADO AS TRANSLATOR IN WHICH COMPLAINANT KARY RAMIREZ ALLEGEDLY MADE AN OUTCRY THAT APPELLANT TOUCHED HER CHEST, BOTTOM, AND VAGINAL AREA WITH HIS HANDS; SHE IS SAID/ALLEGED TOUCHED APPELLANT'S PENIS; AND NOW ALLEGEDLY APPELLANT ANALLY PENETRATED HER WITH HIS PENIS.

THROUGH THE DISCOVERY RELEASED BY THE STATE (ON THIS TRIAL DAY) APPELLANT WAS AWARE OF A PRIOR 2008 CHILD ADVOCACY INTERVIEW OF APPELLANT'S OTHER STEPDAUGHTER, JAZMIN CASTILLO WHO WAS THREE YEARS OLD AT THE TIME. AFTER JAZMIN'S SEXUAL ASSAULT NURSE EXAMINER EXAM AND FORENSIC INTERVIEW NO CHARGES WERE FILED AGAINST APPELLANT. APPELLANT KNEW OF THE INTERVIEW DUE TO ITS REFERENCE IN THE CPS REPORTS, BUT NO POLICE REPORT WAS PROVIDED NOR WAS THE VIDEO OF THE FORENSIC INTERVIEW TURNED OVER TO THE APPELLANT, UNTIL THE OF THIS TRIAL.

MULTIPLE REQUEST WERE MADE BY DEFENSE FOR THE VIDEO;

THE STATE ATTEMPTED TO RETRIEVE THE VIDEO FROM IT'S AGENT, HCCAC INFORMED THE STATE THE VIDEO DID NOT EXIST.

IT WAS NOT UNTIL FORENSIC INTERVIEWER CHARLENE RALPH WITH THE HCCAC (STATE'S AGENT) WAS ON THE STAND TESTIFYING IN/ OF INSTANT CASE, THAT THE 2008 VIDEO WAS LOCATED IN THE FILE MS. RALPH BROUGHT TO THE TRIAL COURT IN RE: NANCY AND KARY RAMIREZ.

THE 2014 DIRECTOR OF HCCAC, HOLLY ROBINSON, TOLD THE TRIAL COURT THAT SHE DID NOT RECALL RECEIVING THE SUBPOENA, BUT DID NOT DENY, SHE COULD HAVE BEEN SERVED ONE ...(EMPHASIS MINE) AND IT GOT LOST ON HER DESK? (EMPHASIS MINE)

IF SHE DID LOOK FOR THE VIDEOTAPE OF THE INTERVIEW, SHE WOULD NOT HAVE BEEN ABLE TO LOCATE IT SINCE IT HAD BEEN REMOVED FROM THE ORIGINAL VICTIM FILE OF JAZMIN CASTILLO AND PLACED IN IN THE NEWER VICTIM FILE FOR NANCY AND KARY RAMIREZ WHICH WAS IN POSSESSION OF MS. RALPH. (IT SEEMS MS. ROBINSON WAS AWARE OF THIS MUCH, AS IT WAS CONVEYED TO THE TRIAL COURT, SEE (RR9:124).

THE INTERVIEWS THAT MS. RALPH CONDUCTED WERE DONE THROUGH THE USE OF A HUNT COUNTY SHERIFF EMPLOYEE CLAUDIA ALVARADO (WHOM IS NOT A LICENSED PEACE OFFICER, BUT A CLERK/BACKGROUND RESEARCHER WHOM HAPPENS TO BE HISPANIC) TO ASSIST IN TRANSLATION FROM ENGLISH TO SPANISH AND VICE VERSA. MS. ALVARADO HAS NO FORMAL TRAINING IN TRANSLATION, LAW ENFORCEMENT OR FORENSIC INTERVIEWING, NOR IS

She credentialed or certified in translation by any licensing authority. Ms. Alvarado admits that she modified questions and answers that were asked and answered from both interviewer and complainants in order to aid the interview. (More like circumvent, emphasis mine).

The State's "Notice of Intent to Introduce Outcry Statements of Child Abuse Complainant's Pursuant to Art. 38.072 Texas Code of Criminal Procedure Filed for Charlene Ralph (should have been for Claudia Alvarado, as she was the first person over the age of 18 years old to be given notice/outcry of sexual abuse of complainant's younger than 14 years of age), See T.C.C.P Art. 38.072.

It is Recorded both complainant's refered (spoke to) Claudia Alvarado whom in-turn refered to forensic interviewer Charlene Ralph, only there were many misquotes, circumvented questions and answers, as Ms. Alvarado states "She modified question and answers, in order to aid the interview" unquote.

Ms. Alvarado claims on record "She is not technically qualified to interview these alleged victims of child abuse".

Prior to trial, appellant is said to have executed a sworn statement he was eligible for probation (community supervision) at the urgencies of his defense attorney, which was prepared by him and notarized by his staff. This statement is said was filed among other proceedings of the trial court. As a result of this filing the state thus filed aggravated perjury charges on the appellant, because he was "not eligible" for probation as lead to believe by trial counsel, due to a prior felony conviction, trial counsel filed a "motion to withdraw" as attorney of record, wanting no responsibility for his error. Furthermore, trial counsel argued in his behalf he must now be a "fact witness" for the state on this new indicted against his client. In addition, the state gave further notice it would use this new charge as an extraneous offense. To add further injury, trial court denied trial counsel's request to withdraw from his attorney of record.

## ARGUMENT
### POINT OF ERROR ONE

Insufficient proof appellant committed continuous sexual assault of Nancy Ramirez.

### POINT OF ERROR TWO

Insufficient proof of appellant committed continuous sexual assault of Kary Ramirez.

12

EVIDENCE MUST SHOW MORE THAN A MERE MODICUM OF PROOF ON THE ELEMENTS OF ACTUAL SEXUAL ABUSE. APPELLANT PRESENTS POINTS OF ERROR ONE AND TWO TOGETHER SINCE THEY ARE BASED ON A COMMON NEXUS OF FACT AND LAW.

## Additional Facts

DURING TRIAL, both COMPLAINANT'S NANCY AND KARY RAMIREZ, TESTIFIED VIA CLOSED CIRCUIT. THE OUTCRY WITNESS IS SAID TO BE CHARLENE RALPH AND NOT CLAUDIA ALVARADO FOR BOTH COMPLAINANT'S.

MS. RALPH TESTIFIED THAT NANCY RAMIREZ TOUCHED APPELLANT'S PENIS WITH HER HAND AND SOME PART OF THE APPELLANT TOUCHED THE VAGINA OF COMPLAINANT.

NANCY RAMIREZ HERSELF did NOT TESTIFY BEFORE THE JURY THAT APPELLANT'S PENIS TOUCHED HER VAGINA. NANCY RAMIREZ did TESTIFY THAT HER MOUTH TOUCHED APPELLANT'S PENIS AND THAT APPELLANT TOUCHED HER VAGINA, ALThough NO SPECIFICS.

MS. RALPH ALSO TESTIFIED THAT APPELLANT TOUCHED KARY RAMIREZ ANUS AND VAGINA, but did NOT SPECIFY WITH WHAT PART OF his his body hE TOUCHED hERS.

MS. RALPH ALSO TESTIFIED THAT KARY RAMIREZ TOUCHED APPELLANT'S PENIS, THAT his PENIS PENETRATED hER ANUS AND VAGINA. (OR IS THIS MS. ALVARADO's distorTED, NO WAIT, MS. ALVARADO's "MODIFICATION," OF THE QUESTIONS AND ANSWERS TO Aid THE INTERVIEW," FOR THE STATE". KARY RAMIREZ did TESTIFY THE APPELLANT TOUCHED hER VAGINA WITH his hAND, " but NOT PENETRATING IT WITH his PENIS"... (RR: 7-63-132) who's LYING, who's distorTing THE TRUTH ?)

## Standard Of Review

IN TEXAS, THE JACKSON V. VIRGINIA STANDARD IS THE ONLY standard THAT A REVIEWING COURT Should APPLY IN detERMINING whETHER EVIDENCE IS SUFFICIENT TO SUPPORT THE ELEMENTS OF A CRIMINAL OFFENSE, THE STATE IS REQUIRED TO PROVE "beyond A REASONABLE doubT" SEE, BROOKS V. STATE, 323 S.W. 3d 893, 912 (TEX. CRIM. APP. 2010); ALSO JACKSON V. VIRGINIA AT 443 U.S. 307, 319 (1979).

ON REVIEW "direCT AND CIRCUMSTANTIAL EVIDENCE CAN bE TREATED EQUALLY, THAT CIRCUMSTANTIAL CAN bE SUFFICIENT TO ESTABLISH GUILT." SEE HOOPER V. STATE, 214 SW 3d 9, 13 (TEX. CRIM. APP. 2007) A CONCLUSION MUST bE REACHED ON A CERTAIN degree OF SPECULATION which CAN NOT bE UNREASONABLE IN AN ORDINARY SENSE, but A MATTER OF LAW. SPECULATION ALONG, CAN NOT /Should NOT bE TREATED /TESTED SOLELY, based ON "HEARSAY TRANSLATION" which CLAIMS TO hAVE bEEN "MODIFIED TO Aid IN THE STATE'S bEHALF".

ULTIMATELY THE CIRCUMSTANTIAL (MODIFICATION OF TRANSLATION)

EVIDENCE, ESPECIALLY THOSE OF CUMULATIVE INFERENCES Should be INSUFFICIENT TO SUPPORT THIS CONVICTION, SINCE THERE IS NO ACTUAL EVIDENCE PROBATIVE OF ANY ELEMENT but A POSSIBLE MERE medicum PEICE OF EVIDENCE INhich does NOT Add TO A MERE PREPONDERENCE OF THE EVIDENCE NEEDED TO SUSTAIN A RIGHTFUL CONVICTION. THEREFORE IT'S CONCLUSIVELY ESTABLISHED THAT THE STATE FAILED TO MEET IT'S burden OF PROOF.

IT IS THUS REQUESTED THAT THIS CONVICTION AND SENTENCE THEREbY bE ARRESTED AND SET-ASIDE, IN ALTERNATIVE REVERSED AND REMAND FOR A NEW TRIAL.

### POINT OF ERROR ONE (RESTATED)

INSUFFICIENT PROOF OF APPELLANT COMMITTING CONTINUOUS SEXUAL ASSAULT OF NANCY RAMIREZ.

IT IS SAID THAT NEITHER MS. RALPH NOR NANCY RAMIREZ (SAID COMPLAINANT) TESTIFIED About ALLEGED ACTS 6 OR 10, which CLAIMED APPELLANT'S PENIS MADE CONTACT OR PENETRATION OF THE ANUS OF NANCY RAMIREZ (SEE RR7: 10-63; RR9: 85-104). HOWEVER THERE IS AN IMPLICATION (NO PROOF) THAT APPELLANT'S PENIS "MAY HAVE" CONTACTED OR PENETRATED THE ANUS OR VAGINA OF COMPLAINANT NANCY RAMIREZ. FOR THESE VERY REASONS, THIS HONORABLE Court Should SUSTAIN POINT OF ERROR ONE AND ACQUIT THIS APPELLANT, IN ALTERNATIVE REVERSE AND REMAND INith INSTRUCTION FOR A NEW TRIAL.

### POINT OF ERROR TWO (RESTATED)

INSUFFICIENT PROOF OF APPELLANT, COMMITTING CONTINUOUS SEXUAL ASSAULT OF KARY RAMIREZ

### APPLICATION OF FACTS

IT IS SAID NEITHER MS. RALPH (ALLEGED OUTCRY WITNESS) NOR KARY RAMIREZ TESTIFIED TO ACT ONE OF ALLEGED TOUCHING OF THE ANUS OF KARY RAMIREZ. IT IS ALSO STATED ON THE Record THAT ACT 7 WAS ALSO ABANDONED bY THE STATE FOR "LACK OF PROOF" duRING THE TRIAL.

FOR THIS REASON, THIS HONORABLE Court Should SUSTAIN, POINT OF ERROR TWO, IN ALTERNATIVE REVERSE AND REMAND FOR NEW TRIAL.

### POINT OF ERROR THREE

IT IS SAID THAT NANCY RAMIREZ STATEMENTS ARE INAdmissible UNDER THE OUTCRY EXCEPTION RUle due TO THE TRANSLATION IS AN INACCURATE ONE, AS THE TRANSLATOR "modified" THE Actual QUESTIONS AND ANSWERS TO Aid IN THE INTERVIEW FOR THE STATE, FURTHERMORE, MS. ALVARADO NOT MS. RALPH IS THE "FIRST PERSON OVER 18 YEARS OF AGE THE COMPLAINANTS TOLD OF ALLEGED SEXUAL Abuse.

CAN A MINOR CHILD IN TEXAS, HAS AUTHORITY TO GIVE CONSENT TO A THIRD PARTY (ALLEGED OUTCRY WITNESS) TO TESTIFY IN HER BEHALF? SHE CAN'T!

## POINT OF ERROR FOUR

TO THE POINT OF REDUNDENCE, KARY RAMIREZ STATEMENTS ARE INADMISSIBLE UNDER THE OUTCRY EXCEPTION RULE WHEN THE TRANSLATOR DID NOT / HAD NOT ACCURATELY TRANSLATE THE QUESTIONS AND ANSWERS, YET ADMITTED THAT "SHE MODIFIED THE ISSUES TO AID IN THE INTERVIEW FOR THE STATE".

BY LAW OF STATUTE 38.072 T.C.C.P. "OUTCRY WITNESS SHALL BE THE FIRST PERSON (DOES NOT MAKE EXCEPTION FOR TRANSLATOR) SHALL BE THE FIRST PERSON OVER 18 YEARS OF AGE, BESIDES THE PREPERTRATOR". MS. ALVARADO BEING THE FIRST PERSON AS STATUTE IS CLEAR AND MAKES "NO EXCEPTIONS" BECAUSE OF LANGUAGE BARRIER. MS. ALVARADO DID NOT TESTIFY ON THE BEHALF OF EITHER NANCY OR KARY RAMIREZ, AS DID MS. RALPH WHICH BECOMES HERESAY WITH NO EXCEPTION, BUT INADMISSIBLE OF LEGISLATURES INTENT, AND THE LAW.
THEREFORE, APPELLANT'S POINT OF ERROR ~~THREE~~ FOUR SHOULD BE SUSTAINED, ARREST JUDGMENT OF CONVICTION AND SENTENCE OR IN ALTERNATIVE REVERSE AND REMAND TO TRIAL COURT FOR NEW TRIAL.

## Additional Facts

IT IS SAID, THAT DURING ALL OF THE INTERVIEWS RELATING TO THIS CASE, FORENSIC INTERVIEWER CHARLENE RALPH "ONLY SPOKE ENGLISH". NANCY AND KARY RAMIREZ ARE SPANISH SPEAKING INDIVIDUALS, SPANISH BEING THEIR PRIMARY LANGUAGE (PURPOSE OF NEEDING TRANSLATOR). MS. RALPH FORENSIC INTERVIEWER FOR THE HUNT COUNTY CHILD ADVOCACY CENTER (HCCAC) USED CLAUDIA ALVARADO WHOM IS EMPLOYED WITH THE HUNT COUNTY SHERIFF'S OFFICE AS A CLERK / BACKGROUND RESEARCHER WHOM HAPPENS TO BE HISPANIC BY BIRTH, NOR OTHER SPECIAL QUALITIES, TO ASSIST / AID MS. RALPH IN TRANSLATION, IF COMPLAINANT'S ARE BI-LINGUAL AS ALLEGED, WHY THE TRANSLATOR?
THE STATE OFFERED MS. RALPH AS AN OUTCRY WITNESS UNDER T.C.C.P. 38.072 (DEFENSE COUNSEL DID NOT OBJECT TO PRESERVE ERROR ANOTHER CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL IN/OF A LONG LIST, EMPHASIS MINE, WHICH PERJUDICE MY TRIAL),
MS. ALVARADO HAS STATED ON HER OWN ACCORD THAT SHE HAS NO FORMAL EDUCATION, TRAINING OR QUALIFICATIONS AS A BI-LINGUAL TRANSLATOR AND HAD TO "MODIFY THE QUESTION AND ANSWERS TO AID IN THE INTERVIEW FOR THE STATE". DENYING APPELLANT A FAIR TRIAL.

15

TO ADD FURTHER INJURY AND HARM TO THIS APPELLANT, NO WHERE IN THE RECORD DOES IT INDICATE THAT THIS COURT CERTIFIED MS. CLAUDIA ALVARADO AS AN "EXPERT" QUALIFIED TO INTERPRETE IN / OF A FORENSIC INTERVIEW IN AN ALLEGED CHILD ABUSE CASE. LET THIS RECORD RELICT A MISINTERPRETATION VIDEO" WAS ADMITTED PERJUDICED THE DEFENDANT. MS. ALVARADO did not TRANSLATE PROPERLY but "MODIFIED" THE QUESTIONS AND ANSWERS OF ALL PARTIES INVOLVED IN INSTANT CASE.

MS. RALPH SUPPOSELY ASKED COMPLAINANT'S OPEN-ENDED QUESTIONS, SOME NON-LEADING QUESTIONS WHICH BROUGHT BACK MODIFIED ANSWERS AND HALF-TRUTH OR NO TRUTH AT ALL, AS MS. ALVARADO MODIFIED ANSWERS AND QUESTIONS TO AID IN THE INTERVIEW IN AND FOR THE STATE. WITH MS. ALVARADO'S TRANSLATION, THERE IS "NO POSSIBLE" ASSURENCE THE SAME- OPEN-ENDED, NON-LEADING QUESTIONS WERE PROPERLY ASKED AND OR ANSWERED, "YES" IN ENGLISH, MS. ALVARADO had EVERY REASON TO DISTORT AND CIRCUMVENT THE TRUTH.

BY MS. ALVARADO'S OWN TESTIMONY TO THE JURY SHE MISLEAD THE JURY BY EXPLAINING THE "SHE SUBSTANTIALLY EXPOUNDED ON WHAT WAS ASKED BY MS. RALPH TO "MAKE SURE BOTH NANCY AND KARY RAMIREZ UNDERSTOOD WHAT WAS BEING ASKED".

## STANDARD OF REVIEW

AN "ERROR" OF THIS GREAT MAGNITUDE AFFECTS A "SUBSTANTIAL RIGHT AND INJUSTICE OF THIS APPELLANT" ESPECIALLY WHEN AN APPELLANT HAS BEEN DENIED A FAIR AND UNJUST TRIAL WHICH AFFECTED THE OUTCOME OF THE VERDICT. SEE, King V. STATE, 953 S.W. 2d 266-271 (TEX. CRIM. APP. 1997)

## APPLICATION OF FACTS ; TRANSLATED STATEMENTS OF LAW

IT IS SAID "TRANSLATED STATEMENTS" ARE ADMISSIBLE "SO LONG AS THE STATEMENTS QUALIFY UNDER THE HEARSAY RULE EXCEPTION" IT IS CLEAR THIS "DOES NOT", MS. RALPH didNOT / does NOT SPEAK SPANISH, THEREFORE NOT ELIGIBLE UNDER HEARSAY EXCEPTION RULE T.C.C.P. ART 38.072. MS. ALVARADO had "EVERY REASON" MOTIVE TO MISLEAD OR DISTORT AND MAKE AN INACCURATE TRANSLATION SHE IS A LOW-LEVEL CLERK EMPLOYED by THE Hunt County SHERIFFS OFFICE WITH NO EDUCATION IN / OF TRANSLATION SKILLS, AND TOTALLY NOT QUALIFIED TO BE AN EXPERT TRANSLATOR, SHE HERSELF ADMITS "SHE HAD TO MODIFIED THE TRANSLATION". ... QUALIFIED EXPERTS "do NOT MODIFY". TO AID THE INTERVIEW.

MS. ALVARADO HAS ADMITTED SEVERAL TIMES ON RECORD SHE IS NOT EDUCATED, LICENSED OR CERTIFIED IN SPANISH/ENGLISH TRANSLATION OF LAW, SHE HAS SELF ADMITTED, SHE IS "SOMETIMES" REQUESTED TO ASSIST IN INTERPRETATIONS SHE ALSO ADMITS TO TAKING "LIBERTIES" WITH THE TRANSLATION, WHICH ONLY SERVE TO INJURY AND PREJUDICE THE APPELLANT MORE, BECAUSE WHATEVER TO WHOMEVER WAS SAID WAS TAKEN AS FACT WHICH ONLY SERVED TO NEGITIVELY INFLUENCE, DISTORT AND MISLEAD THE JURY AND PERJUDICE THE OUTCOME OF THIS TRIAL. SEE, <u>Johnson V. STATE</u>, 967 S.W. 2d 410, 417 (TEX. CRIM. APP. 1998); <u>MOTILLA V. STATE</u>, 78 SW 3d 352, 355 (TEX. CRIM. APP. 2002). ALSO, <u>CASSIDY V. STATE</u> 149 SW 3d 712, 715 (TEX. CRIM APP. 2004)

TO CONSIDER ADMISSIBILITY OF A TRANSLATED STATEMENT, FOUR FACTORS MUST BE MET:

①. WHICH PARTY SUPPLIED THE INTERPRETER? (HCCAC & SHERIFF'S DEPT.)

②. WHETHER INTERPRETER HAD MOTIVE TO MISLEAD OR DISTORT? (YES)

③. ASSESS INTERPRETERS QUALIFICATIONS (NO)

④. WHETHER ACTION WAS TAKEN TO SUBSEQUENTLY ASSURE THE TRANSLATION WAS CONSISTENT WITH QUESTIONS AND ANSWERS TRANSLATED. (N.O).

SEE. <u>SAAVEDRA V. STATE</u>, 297 S.W. 3d 342, 348 (TEX. CRIM. APP. 2008).

<u>APPLICATION OF FACTS: OUTCRY HEARSAY EXCEPTION</u>

IT IS SAID THAT CHILD FORENSIC INTERVIEWER ARE <u>NOT</u> NORMALLY ADMISSIBLE, DUE TO THE HEARSAY RULE. HOWEVER, WHEN IT MEETS THE REQUIREMENTS (THIS APPLICATION <u>DOES NOT</u>) WHICH IS AN ABUSE OF TRIAL COURT'S DISCRETION. AS THE ABOVE FOUR REQUIREMENTS WERE <u>NOT</u> MET.

ACCORDING TO T.C.C.P ART. 38.072, THE FIRST PERSON OVER 18 YEARS OF AGE WAS <u>NOT</u> MS. RALPH BUT MS. ALVARADO:

THE CHAIN OF OUTCRY GOES LIKE THIS; NANCY RAMIREZ (ALLEGED COMPLAINANT) FIRST TOLD HER FRIEND & SCHOOLMATE <u>EVELYN REGELADO</u>, WHOM TELLS HER MOM, <u>MARIBEL REGELADO</u> WHOM TELLS HER PASTOR <u>CARLOS MENDOZA</u> TOGETHER THEY REPORT IT TO THE SCHOOL COUNSELOR <u>DEBORAL FLOYD</u> WHOM DECIDES TO CALL THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES (HEREINAFTER "CPS") NEITHER COMPLAINANT'S NANCY NOR KARY RAMIREZ TELLS OR REPORTS THIS ~~ALLEGED~~ ALLEGED INCIDENT (MAKES OUTCRY) TO CPS INVESTIGATOR <u>AISHA COUTAIN</u>.

THEREFORE MS. COUTAIN ARRANGES WITH HCCAC TO HAVE FORENSIC INTERVIEWER MS. <u>CHARLENE RALPH</u>, MET WITH THE GIRLS THE FOLLOWING DAY. AT WHICH POINT MS. RALPH, MAKES REQUEST FROM THE HUNT COUNTY SHERIFF'S OFFICE FOR THEY TO PROVIDE AN INTERPRETER WHOM SPEAKS SPANISH/ENGLISH. MS. CLAUDIA ALVARADO TOOK THE CALL (MADE HERSELF AVAILABLE).

17

MS. ALVARADO IS HISPANIC by birth, IS SAID to be bi-lingual however, IS NOT LICENSED OR CERTIFIED AS A bi-lingual SPANISH/ english TRANSLATOR, NOR WAS SHE CERTIFIED by THIS COURT AS AN EXPERT WITNESS. This VIOLATES APPELLANTS Constitutional Right OF DUE PROCESS, EQUAL PROTECTION OF LAW and THE Right TO A FAIR And impartial TRIAL, UNITED STATES CONSTITUTIONAL AMENDMENT FIFTH & FOURTEENTH.

IT'S ALLEGED THE COMPLAINANT'S MAKES A STATEMENT (OUTCRY) IN A discernible MANNER ALLEGING A SEXUAL OFFENSE (OR did THEY, REASONAble doubt) OR did MS. ALVARADO MISUNDERSTAND? BEING TOTALLY UNAWARE OF THE TRUE ISSUES And FACTS, AS SHE HERSELF STATES "SHE TOOK Liberties with THE TRANSLATION) SEE, (RR 9: 157-158) MS. ALVARADO KNEW WHAT IS/WAS AT STAKE FOR HERSELF And THE HUNT COUNTY SHERIFF'S DEPARTMENT. MS. ALVARADO, KNEW THERE IS/WAS/CAN bE A POSSIBLE PROMOTION FOR/OF A Job WELL done (CONVICTION OF THE APPELLANT) she had EVERYTHING TO GAIN And NOTHING TO LOSE by DISTORTING, MISLEADING "TAKING Liberties OF THE TRUE FACTS", by distoRing COMPLAINANT'S ANSWERS, ASSISTING NOT ONLY THE HUNT COUNTY SHERIFF'S OFFICE, ACCAC AS WELL... MS. ALVARADO, distorted, MISLEAd, MISINTERPRET both QUESTIONS And ANSWERS by her OWN Admissions, UNDER OATH. SEE, GARICA V. STATE, 79 S.W. 2d 88 (TEX. CRIM. APP. 1990) And TEX. CODE CRIMINAL PROCEDURE ANN. ART. 38.072 § 2(A)(3).

T. C. C. P. ART. 38. 072 SUSPENDS THE HEARSAY RULE And ALLOWS WHAT'S COMMONLY REFERED TO AS "OUTCRY WITNESS" TO TESTIFY ON behalf OF THE Children OF SEXUAL AbUSE, "PROVISIONS OF THIS STATUTE INCLUDE "NOTICE And HEARSAY REQUIREMENTS" ARE MANDATORY, AND MUST BE COMPLIED WITH IN ORDER FOR THE STATUTE TO BE Admissible OVER HEARSAY OBJECTION, (STATE did NOT MEET REQUIRE- MENTS TO MEET THE STATUTE). SEE, LONG V. STATE, 800 S.W. 2d 545, 547 (TEX. CRIM. APP. 1990); GAY V. STATE, 98 S.W. 3d 864, 866 (TEX. APP. Hous. [IST. DIST.] 1998 PET. REF'd.) THE deFENDANT MUST bE GIVEN NOTICE OF CONTENT And SCOPE. Id. STATEMENT REQUIRES A deTAILED SUMMARY TO bE MORE THAN A MERE ALLUSION IN GENERAL TO ALLEGED SEXUAL AbUSE, GENERAL ALLUSIONS ARE VAGUE And ARbitRARY, SEE, THOMAS V. STATE 155 S.W. 3d 138, 140 (TEX. APP. - TEXARKANA 1999. PET. REF'd.) NOTICE MUST describe OFFENSE IN discernAbLE MANNER. SEE, GARCIA V. STATE, 79 S.W. 2d 88, 91 (TEX. CRIM. APP. 1990) NO ONE QUESTIONED THE SKILLS OF MS. RALPH, FORENSIC INTERVIEWER HOWEVER, THERE IS NO QUESTION /doubt SHE does NOT SPEAK NOR UNDERSTANDS SPANISH, WHICH REQUIRED THE AiD And ASSISTANCE OF MS. CLAUDIA ALVARADO AN EMPLOYEE OF THE HUNT COUNTY SHERIFF'S OFFICES, WHOM IS NEITHER A LICENSED PEACE OFFICER

NOR A COURT CERTIFIED SPANISH/ENGLISH TRANSLATOR.

THIS COURT DID GO THROUGH MS. RALPH'S CREDENTIALS TO DEMONSTRATE THE IMPORTANCE OF HOW TO INTERVIEW A CHILD OF SEXUAL ABUSE, AND THE SIGNIFICANCE OF ASKING OPEN-ENDED, NON-LEADING QUESTIONS. HOWEVER THE COURT, STATE NOR DEFENSE COUNSEL DID NEITHER WITH MS. ALVARADO. MS. ALVARADO ON A NUMBER OF OCCASIONS SELF ADMITTED SHE TOOK "LIBERTIES" WITH THE TRANSLATION ON HER OWN ACCORD, THEREBY NULLIFYING AND UNDERMINING THE LAWS AND STANDARDS OF THE STATUTES OF T.C.C.P. ART. 38.072 AND THE TOTAL SIGNIFICANCE OF THE FORENSIC INTERVIEW. THERE CAN BE ALSO ASSURANCE FOR THIS JURY OR ANYONE ELSE (ESPECIALLY HARMFUL TO THIS APPELLANT), THE QUESTIONS AND ANSWERS TRANSLATED FROM MS. ALVARADO WERE OPEN-ENDED OR NON-LEADING FROM MS. RALPH TO THE ALLEGED COMPLAINANT'S THROUGH MS. ALVARADO "MODIFIED" TRANSLATIONS.

IT'S RECORDED THAT APPELLANT OBJECTED TO THE SPANISH PORTION OF THE VIDEO BEING ADMITTED ON THE GROUNDS THAT IT WAS NOT TRANSCRIBED WHEN OFFERED BY THE STATE, WHICH VIOLATES STATUTE OF T.C.C.P. ART. 38.072 WHICH CLEARLY STATES "DEFENDANT MUST BE GIVEN ADEQUATE NOTICE OF CONTENT AND SCOPE". TO PREVENT VIOLATION OF DUE PROCESS OF THE FIFTH & FOURTEENTH AMENDMENT U.S. CONSTITUTION. A DEFENDANT HAS A RIGHT TO KNOW, BE INFORMED WHAT HE IS CHARGED WITH, IN ORDER TO PREPARE FOR AN AFFIRMATIVE DEFENSE. SEE GARCIA V. STATE, 792 SW2d 88, 91 (TEX. CRIM. APP. 1990)

THIS TRIAL COURT OVERRULED THE OBJECTION, THE SIXTH COURT OF APPEALS STATED ERROR WAS "NOT PRESERVED FOR VIEWING". VIDEO WAS ADMITTED AND SHOWN TO THE JURY, WHICH PERJUDICE THE VERDICT, AS IT WAS A BITE OF A POISON APPLE.

LET IT BE FURTHER STATED FOR THE RECORD THAT MS. ALVARADO'S TRANSLATION STATEMENTS FOR MS. RALPH, SHOULD NOT HAVE BEEN ADMITTED AS THE STATE FAILED TO PROVIDE A NEUTRAL INTERPRETER, TO ASSURE THE "OUTCRY" STATEMENTS ENJOYED "NO MOTIVE TO BE CIRCUMVENTED, DISTORTED, OR MISAPPLIED FOR TRANSLATOR'S OWN PERSONAL BENEFIT.

THE INABILITY/NO DUE DILIGENTS ATTEMPTED BY STATE, TO OBTAIN A FAIR AND NEUTRAL TRANSLATOR (SEE FOOTNOTE (3) OF ORIGINAL APPELLANT BRIEF AS IT STATES ON PG. 29 OF 44) "IF THIS COURT FINDS THAT MS. ALVARADO DID NOT/HAD NOT ACTED IN THE CAPACITY OF A NEUTRAL PARTY (COURT DID NOT PROVIDE QUALIFICATIONS) AS ARGUED IN POINT OF ERROR ONE AND TWO, THEN BY STATUTE MS. ALVARADO BECAME/BECOMES "OUTCRY WITNESS" BY DEFAULT, DUE TO FACT BOTH NANCY & KARY RAMIREZ SPOKE OF THE ALLEGED OFFENSE IN SPANISH DIRECTLY TO MS. ALVARADO, HAD THEY SPOKEN TO MS. RALPH SHE COULD/WOULD NOT HAVE HAD THE ABILITY TO UNDERSTAND THEM.

MS. ALVARADO THEREFORE IS THE FIRST PERSON OVER AGE OF 18 YEARS OLD THAT BOTH COMPLAINANT'S ALLEGELY MADE OUTCRY TOO. SEE GARCIA V

STATE, 792 SW2d 88 (TEX. CRIM. APP. 1990)

THE HARM DISPLAYED OF THIS ADMISSION LAYS IN THE BOLSTER OF TESTIMONY OF NANCY AND KARY RAMIREZ, THE TRANSLATED MODIFIED STATEMENTS TO CHARLENE RALPH IS ACTUALLY THIRD PARTY HEARSAY OUTSIDE THE HEARSAY EXCEPTION RULE AND NOT THE ORIGINAL OUTCRY WITNESS, MS. ALVARADO.

FOR THESE FOREGOING REASONS AND DEDUCTION THIS COURT SHOULD SUSTAIN POINTS OF ERROR THREE AND FOUR, ARREST JUDGMENT AND CONVICTION IN ALTERNATIVE REVERSE AND REMAND FOR NEW TRIAL.

## POINT OF ERROR FIVE

APPELLANT WAS PREJUDICED BY A CONTINUENCE OF APPOINTED TRIAL COUNSEL AND TRIAL COURTS FAILURE TO APPOINT NEW TRIAL COUNSEL WHEN CONFLICT OF INTEREST AROSE UNDER DISCIPLINARY RULES OF STATE BAR, BETWEEN APPOINTED DEFENSE TRIAL COUNSEL AND DEFENDANT.

## Additional FACTS

DEFENSE TRIAL COUNSEL HAD DEFENDANT EXECUTE A SWORN APPLICATION IN REQUEST FOR CONSIDERATION OF COMMUNITY SUPERVISION IN WHICH APPELLANT CLAIMED "HE HAD NOT BEFORE BEEN CONVICTED OF A FELONY". DISPITE HIMSELF, DEFENSE TRIAL ATTORNEY SHOULD HAVE HAD HIS PARALEGAL PERHAPS OTHER OFFICE PERSONAL, IT'S HIS SOLE RESPONSIBILITY THAT HE HIMSELF CONDUCT A BACKGROUND CHECK INTO/OF DEFENDENTS FELONY RECORD(S), DEFENDANT'S PRIMARY LANGUAGE IS SPANISH (IT'S A MINISTRIAL DUTY) IN ACCORDANCE WITH ATTORNEY/CLIENT RULES.

## STANDARDS OF REVIEW

ONCE THE ATTORNEY FINDS THEMSELVES IN CONFLICT WITH A CLIENT, THEY SHALL REQUEST WITHDRAWAL FROM REPRESENTATION IMMEDIATELY, THE COURT SHALL PERMIT ATTORNEY TO WITHDRAW SO THE CLIENT MAY SEEK UNPREJUDICED REPRESENTATION. SEE, IN RE POSADAS USA INC. 100 SW3d 254 AT 259, (TEX. APP.-SAN ANTONIO 2001, PET. GRANTED) "A LAWYER SHALL NOT REPRESENT A PERSON IF THE REPRESENTATION OF THAT PERSON REASONABLY APPEARS TO BE OR BECOMES ADVERSARIAL". IF CONFLICT EXISTS COUNSEL "SHOULD BE" PERMITTED TO WITHDRAW. SEE, TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT RULE 1.06 (b)(2); ALSO IN RE POSADAS USA, INC. 100 SW3d 254 AT 259 WHEN MAKING A DETERMINING FACT, WHETHER DEFENSE COUNSEL SHOULD BE ALLOWED TO WITHDRAW ON GROUNDS OF "CONFLICT OF INTEREST" WITH A CLIENT THIS COURT SHALL MAKE IT'S DETERMINATION USING WHETHER OR NOT TRIAL COURT ABUSED IT'S DISCRETION IN DENYING MOTION TO WITHDRAW. IT IS CLEAR FROM THE RECORD, WHEN TRIAL COURT DID NOT ALLOW COUNSEL TO WITHDRAW DUE TO CONFLICT OF INTEREST WITH CLIENT, TRIAL COURT did ABUSE IT'S DISCRETION.

20

ABUSE OF DISCRETION OCCURS WHEN THE TRIAL COURT ACTS WITHOUT REFERENCE TO ANY GUIDING RULES OR PRINCIPLES OR ACT ARBITRARILY OR WHEN TRIAL COURT DECISION IS CLEARLY WRONG, THAT IT LIES OUTSIDE A ZONE OF REASONABLENESS AS IN INSTANT CASE. SEE MONTGOMERY V. STATE 810.S.W.2d 372, 380 (TEX.CRIM.APP. 1991) A REVIEWING COURT CANNOT/SHOULD NOT SUBSTITUTE IT'S JUDGMENT FOR THAT OF TRIAL COURT, BUT RATHER MAKE IT'S OWN DECISION IN A/ FOR A MATTER OF JUSTICE.

## APPLICATION OF FACTS

AS A RESULT OF AN INDICTMENT OF AGGRAVATED PERJURY DUE TO DEFENSE COUNSEL INCOMPETENCE, DEFENSE TRIAL COUNSEL IS NOW A "FACT WITNESS" FOR THE STATE, AND SHOULD NO LONGER HAVE REPRESENTED HIM IN ANY CAPACITY. SEE TEX. DISCIPLINARY RULES OF PROFESSIONAL CONDUCT RULE 1.06(b)(2) AND IN RE POSADAS AT 259. Id.

THE RULE OF PROFESSIONAL CONDUCT ARE CLEAR AND PRECISE. IT STATES: "THE ATTORNEY SHALL NOT CONTINUE TO REPRESENT A CLIENT WITH WHOM COUNSEL HAS A CONFLICT. THE MERE MEANING OF THE TRIAL COURT PROHIBITING THE STATE FROM MENTIONING THE AGGRAVATED PERJURY CHARGE TO THE JURY IS NOT/CAN NOT BE SAID A SUFFICIENT SAFEGUARD OF APPELLANT'S RIGHTS OF A FAIR TRIAL OR INSURE A TRUST WORTHY ATTORNEY/CLIENT RELATIONSHIP. FOR THAT REASON ALONE THIS COURT SHOULD SUSTAIN POINT OF ERROR FIVE AND GRANT AN ARREST OF JUDGMENT AND CONVICTION AND SENTENCE, ACQUIT THE DEFENDANT, OR IN ALTERNATIVE REVERSE AND REMAND CASE FOR A NEW TRIAL.

## POINT OF ERROR SIX

APPELLANT IS ENTITLED TO A NEW TRIAL BECAUSE THE STATE, THROUGH IT'S HUNT COUNTY CHILD ADVOCACY CENTER (AGENT) (BLACK'S LAW: SOMEONE ENTITY WHO IS AUTHORIZED TO ACT FOR OR IN PLACE OF ANOTHER) WHICH FAILED EVEN AFTER SUBPOENAED TO PROVIDE MITIGATING AND/OR EXCULPATORY MATERIAL AFTER REQUEST BY THE DEFENSE. (BRADY SUPRA)

## ADDITIONAL FACTS

APPELLANT AFTER HAVING READ CERTAIN CPS MATERIALS PROVIDED BY HUNT COUNTY DISTRICT ATTORNEY'S OFFICE DISCOVERED THERE WAS ANOTHER POTENTIAL ALLEGED VICTIM, JAZMIN CASTILLO, WHOM ALLEGEDLY PROVIDED ANOTHER FORENSIC INTERVIEW IN 2008. THE CASE OF JAZMIN CASTELLO WAS NEVER FILED, THIS TRIAL COURT ASSUMED, THERE IS POTENTIAL EXCULPATORY/MITIGATING FACTORS IN THAT CASE THAT WOULD ASSIST IN THE CASE AT BAR.

ON NOVEMBER 25, 2013, APPELLANT DISCUSSED WITH THIS COURT POTENTIAL OF ANOTHER VIDEO THAT THE STATE WAS IN THE PROCESS OF GETTING FOR THE DEFENSE, HCCAC REFUSED/DID NOT MAKE IT AVAILABLE, IT WAS FURTHER DISCUSSED HCCAC HAD POSSESSION, COULD NOT LOCATE IT.

21

LET THIS RECORD REFLECT THE STATE did NOT ARGUE AGAINST THE PRODUCTION OF THIS VIDEO OF ALLEGED COMPLAINANT JAZMIN CASTELLO, ALL NEEDED/NECESSARY STEPS WERE TAKEN by THE DEFENSE TO OBTAIN THIS VIDEO INTERVIEW.

MS. HOLLY ROBINSON EXECUTIVE DIRECTOR OF THE HCCAC, TESTIFIED THAT HCCAC ARE A NEUTRAL THIRD PARTY, YET, THEY CONDUCT FORENSIC INTERVIEWS AT THE REQUEST OF CPS AND HUNT COUNTY LAW ENFORCEMENT OFFICIALS. THESE RECORDING ARE TYPICALLY RELEASED TO THE STATE PROSECUTION AND OTHER LAW ENFORCEMENT AGENCY'S, UNLESS THEY FEEL THAT "NO OFFENSE" WAS COMMITTED, AS IN INSTANT CASE.

DURING THIS TRIAL, TRIAL COURT DENIED APPELLANT'S VERBAL REQUEST OF MOTION FOR MISTRIAL WHEN 2008 HCCAC VIDEO OF JAZMIN CASTELLO WAS FINALLY BROUGHT OUT BY HCCAC, A DIRECT VIOLATION OF BRADY V. MARYLAND SUPRA, THE STATE AND IT'S AGENTS WITHHELD EXCULPATORY EVIDENCE FROM THE DEFENSE.

## STANDARD OF REVIEW

THIS COURT SHALL REVIEW IN LIGHT MOST FAVORABLE OF THE RULING AND UPHOLD DECISION ABSENT OF ABUSE OF DISCRETION. I BEG TO DIFFER AS THIS ISSUE GOES BEYOND A MERE ABUSE OF DISCRETION... THIS GOES FAR BEYOND A FAIR AND IMPARTIAL TRIAL AND A MATTER OF JUSTICE.

THE BRADY RULE DOES NOT DIFFER FROM "SUPPRESSION BY THE STATE OR IT'S AGENTS OF THE EXCULPATORY EVIDENCE" IT SIMPLY STATE'S ALL EXCULPATORY EVIDENCE SHALL BE MADE AVAILABLE TO THE DEFENSE. OTHERWISE IT VIOLATE THE FIFTH & FOURTEENTH AMENDMENTS OF DUE PROCESS, WHERE EVIDENCE IS MATERIAL OF GUILT/INNOCENCE OR PUNISHMENT, IRRESPECTIVE OF GOOD FAITH OR BAD OF THE PROSECUTION. SEE, BRADY V. MARYLAND 373 US 87, 83 S. CT. 1194. FULL AND COMPLETE DISCLOSURE BY THE STATE, IT'S AGENTS IS "NECESSARY TO AVOID AN UNFAIR TRIAL".

ALSO SEE, T.C.C.P. ART. 2.01 "NOT TO CONVICT, BUT TO SEE JUSTICE IS DONE". "A PROSECUTOR SHALL NOT SUPPRESS EVIDENCE OR SECRETE WITNESSES, CAPABLE OF ESTABLISHING THE INNOCENCE OF THE ACCUSED" QUOTE FROM: TEXAS DISTRICT AND COUNTY ATTORNEY'S ASSOCIATION.

BRADY AND BAGLEY SUPRA, PROVIDE IT'S A "REVERSIBLE ERROR" WHEN: (1): THE STATE / IT'S AGENTS FAIL TO DISCLOSE EXCULPATORY EVIDENCE, REGARDLESS OF PROSECUTION'S GOOD OR BAD INTENTIONS.

(2). WITHHELD EVIDENCE THAT IS FAVORABLE TO THE DEFENSE.

(3). EVIDENCE WHICH IS MATERIAL, THERE IS A REASONABLE PROBABILITY, HAD THE EVIDENCE BEEN DISCLOSED THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT. SEE, BRADY V. MARYLAND, 373 US 87; U.S. V. BAGLEY, 473 U.S. 667, 105 S. CT. 3375, 87 L. ED 2d 490 (1990)

22

STATE PROSECUTION, IT'S AGENTS (INCLUDING HCCAC) HAVE A duty TO LEARN OF BRADY EVIDENCE, KNOWN TO OTHER'S ACTING FOR THE STATE'S BEHALF IN A PARTICULAR CASE. SEE, KYLES V. WHITLEY, 514, U.S. 419, 437-38, 115 S. CT. 1555 131 L.ed 2d 490 (1995).

THE STATE, IT'S AGENTS HAVE A duty TO PRODUCE RECORDINGS OF INTERVIEWS, VIDEOS, should THEY CONTAIN EXCULPATORY/ MITIGATING MATERIALS. THIS APPELLANT FILED MOTION REQUESTING THE PRODUCTION OF ANY RECORDINGS which SECURES A RULING by THE COURT ORDERING ITS PRODUCTION. SEE, GARCIA V. STATE, 871 S.W. 2d 279, 283 (TEX. APP. - EL PASO 1994 (NO PET.)

A CONTINUANCE, ONCE BRADY MATERIAL IS disclosed AT TRIAL Adequately PROTECTS DUE PROCESS. SEE, YATES, 941 S.W. 2d 357 364 (TEX. APP. - WACO 1997); PAYNE V. STATE, 516 S.W. 2d 675, 677 (TEX. CRIM. APP. 1974). "NO MAGIC WORDS" ARE REQUIRED FOR A CONTINUANCE. SEE, Ford V. STATE 305 S.W. 3d 530, 533 (TEX. CRIM. APP. 2009). AN OBJECTION (INSTANT CASE) IS CONSIDERED IN CONTEXT IN which THE COMPLAINT WAS MADE AND THE PARTIES SHARED AN UNDERSTANDING OF THE COMPLAINT AT THE TIME. SEE, LANKSTON V. STATE, 827 S.W. 2d 907, 911 (TEX. CRIM. APP. 1992).

## APPLICATION OF FACTS

ALThough IT'S ALLEGED THAT HCCAC IS A NEUTRAL THIRD PARTY, THEY ARE CLEARLY FOR ALL PRACTICLE PURPOSES AN AGENT FOR THE STATE AS THEY COLLECT EVIDENCE AT THE direction OF LAW ENFORCEMENT FOR THE SOLE benefit OF STATE PROSECUTION. ALThough IT MAYbe ALLEGED NOT TO be A direct ARM OF THE STATE (FUNDING MUST COME FROM STATE OR OTHER FEDERAL AGENCIES TO FUNCTION) AS FOR THE PURPOSES OF BRADY MATERIAL, THEY ARE REQUIRED TO disclose ALL EVIDENCE THAT MAYbe EXCULPATORY, OR hAVE MITIGATING AFFECT ESPECIALLY UPON REQUEST by THE STATE OR SUbPOENA. Id.

DEFENSE TRIAL COUNSEL REQUESTED AN OPPORTUNITY FOR AN EXPERT TO REVIEW OTHER ALLEGED COMPLAINANT JAZMIN CASTELLO'S VIDEO, TO CONSULT ON THE MATTER, TRIAL COURT deNIED APPELLANT'S REQUEST FOR CONTINUANCE, OR ALLOWANCE OF EXPERT.

HAD ALLEGED COMPLAINANT'S JAZMIN CASTELLO'S FORENSIC VIDEO INTERVIEW been TIMELY RELEASED IN ACCORDANCE WITH STATUTE. THIS APPELLANT WOULD/COULD HAVE SHOWN A FABRICATION WHICH WAS/IS THE CRUX OF THIS deFENSE.

APPELLANT STATES THAT HE desired TO USE JAZMIN'S (CASTELLO) VIDEO TO Show THE MOTHER'S ALLEGED COMPLAINTS WERE "MADE-UP/FABRICATED", FOR THE PURPOSE TO GAIN LEGAL STATUS IN THESE UNITED STATES, OTHERWISE WHY WOULD THEY (she) THEMSELVES NOT REPORTED THE ALLEGED INCIDENT dIRECTLY.

23

DEFENSE COUNSEL HAD TO / FORCED TO CHANGE HIS LEGAL STRATEGY, DUE TO DENIAL TO WITHDRAW, LACK OF BRADY MATERIAL FOR TRIAL AND CROSS EXAMINATION, DENIAL OF CONTINUANCE, OTHER MITIGATING FACTORS. APPELLANT WAS STILL INCAPABLE OF GETTING A FAIR AND IMPARTIAL TRIAL.

THE OUTCOME OF THIS CASE AS IS RECORDED, WAS SIGNIFICANTLY ALTERED BY THE FAILURE OF THE STATE, IT'S AGENT'S (HCCAC) TO REVEAL AND RELEASE THE FORENSIC INTERVIEW OF ALLEGED COMPLAINANT JAZMIN CASTELLO. FOR THE FOREGOING REASONS SHOWN, THIS HONORABLE COURT SHOULD GRANT APPELLANT POINT OF ERROR SIX AND ARREST AND VACATE THIS CONVICTION AND SENTENCE OF BOTH NANCY AND KARY RAMIREZ, IN ALTERNATIVE GRANT APPELLANT A REVERSAL AND REMAND BACK TO TRIAL COURT FOR NEW TRIAL.

## POINT OF ERROR SEVEN

APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE COUNSEL:

(A): ALLOWED APPELLANT TO SIGN SWORN AFFIDAVIT CONCERNING HIS CRIMINAL HISTORY, THAT RESULTED IN A PERJURY CHARGE WHICH CREATED A CONFLICT OF INTEREST.

(B). FAILED TO REQUEST CONTINUANCE WHEN UNPRODUCED BRADY MATERIAL OTHER MITIGATING MATERIAL BECOME APPARENT AT TRIAL.

## Additional FACTS

IT'S SAID ON OCTOBER 23, 2013, APPELLANT'S MOTION FOR CONTINUANCE WAS GRANTED THE CASE SET FOR JURY TRIAL NOVEMBER 18, 2013 DEFENSE COUNSEL THEN FILED MOTION TO WITHDRAW ON NOVEMBER 25, 2013, BASED UPON APPELLANT'S NEW INDICTMENT CAUSE NO. 29401 IN AND FOR THE 196th JUDICIAL DISTRICT COURT FOR "AGGRAVATED PERJURY BASED ON APPELLANT'S APPLICATION FOR COMMUNITY SUPERVISION FROM THE JURY ON JULY 25, 2013, FROM CASE AT BAR.

ON NOVEMBER 25, 2013 TRIAL COURT AFTER HEARING ARGUMENTS OF BOTH PARTIES, DENIED MOTION OF DEFENSE COUNSEL WITHDRAWAL. ON DECEMBER 4, 2013 DEFENSE MOTION FOR CONTINUANCE WAS HEARD AND DENIED.

## STANDARD OF REVIEW

UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, ALL DEFENDANT'S ARE ENTITLED TO "REASONABLE EFFECTIVE" ASSISTANCE OF COUNSEL. SEE, U.S. CONST. AMEND. 6 + 14; STRICKLAND V. WASHINGTON 466 U.S. 696 (1984); HERNANDEZ V. STATE, 726 S.W. 2d 53, 57-61 (TEX. CRIM. APP. 1986).

THE BENCHMARK FOR EVALUATING A CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS WHETHER TRIAL COUNSEL'S CONDUCT SO UNDERMINED THE PURPOSE AND PROPER FUNCTION OF THE ADVERSARIAL PROCESS THAT THE REPRESENTATION COULD NOT BE RELIED ON AS HAVING PRODUCED A JUST RESULT, AS IN INSTANT CASE:

24

TO SATISFY THE SECOND PRONG OF STRICKLAND TEST, APPELLANT MUST DEMONSTRATE HIS LAWYER'S DEFICIENT PERFORMANCE WAS SO PREJUDICIAL, HIS CASE AT HAND, THAT APPELLANT WAS DENIED A FAIR TRIAL. SEE, HERNANDEZ V. STATE, 726 SW 2d 53, 55 (TEX. CRIM. APP. 1986)

THIS DEFENSE WAS GREATLY "PREJUDICED" THAT THERE IS A/STANDS MORE THAN JUST A REASONABLE PROBABILITY MORE THAN MERE A CLEAR AND CONVINCING FACT, MORE THAN A PREPONDERANCE OF THE EVIDENCE THAT WERE IT NOT FOR THE ACTIONS OF HIS TRIAL COUNSEL THE OUTCOME OF HIS TRIAL WOULD HAVE BEEN DIFFERENT. Id.

## Legal Background

A LAWYER MUST HAVE A FIRM COMMAND ON THE FACTS AND ISSUES OF THEIR CASE, THE GOVERNING LAWS BEFORE HE/SHE CAN RENDER TO BE A REASONABLY EFFECTIVE COUNSEL. DEFENSE COUNSEL FAILED GREATLY IN THIS RESPECT. SEE, EX PARTE WELBORN 785 S.W. 2d 391, 393 (TEX. CRIM. APP. 1990); EX PARTE DUFFY 607 S.W. 2d 507, 514 N. 14, 519 (TEX. CRIM. APP. 1980).

TRIAL COUNSEL HAS AN OBLIGATION TO HIS/HER CLIENT TO MAKE A REASONABLE ATTEMPT AT INVESTIGATING INTO EVERY FACT OF EVERY CASE. MAY THE RECORD REFLECT THIS IS A MINISTERIAL DUTY. THAT OFTEN REQUIRES ONLY SECONDS OF ONE'S ATTENTION. "IS IT NOT BETTER TO BE SAFE THAN SORRY"? SEE, WIGGINS V. SMITH 539 U.S. 510, 521-22 (2003); EX PARTE BRIGGS 187 S.W. 3d 458, 469 (TEX. CRIM. APP. 2005). TRIAL COUNSEL COULD / CAN MAKE THE DECISION (AND DID IN INSTANT CASE) DETERMINATION TO LIMIT HIS/HER INVESTIGATION (ALTHOUGH IT CHEAPENS THE OBLIGATION TO THE CLIENT) AND VIOLATES THE ETHICS CODE. CAN IT TRULY BE ASCERTAINED THAT IT WOULD / COULD BE WASTEFUL TO FULLY INVESTIGATE A PARTICULAR MATTER; NO INVESTIGATION COULD BE / SHOULD BE WASTEFUL, AS IT IS BETTER TO KNOW ALL THE FACTS, LESS HE SURPRISED BY FACTS YOU DID NOT KNOW, BECAUSE HE/SHE FAILED TO PROPERLY CONDUCT AN INVESTIGATION.

IN ACCORDANCE WITH TEXAS RULES OF BAR: A DEFENDANT HAS A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHICH INCLUDE BUT NO LESS THAN MAKING AFFIRMATIVE DECISIONS WHICH ARE PERSONAL TO THE ACCUSED. SEE, EX PARTE MARTINEZ 330 S.W. 3d 891, 900 (TEX. CRIM. APP. 2011); JACKSON V. STATE, 766 S.W. 2d 504, 508 (TEX. CRIM. APP. 1985) THE DEFENSE COUNSEL HAS A DUTY TO EXERT HIS EFFORTS TO ENSURE HIS/HER CLIENTS DECISIONS ARE BASED ON CORRECT INFORMATION ABOUT THE LAW.

CAUSING ONE'S CLIENT TO COMMIT AGGRAVATED PERJURY CERTAINLY CAN NOT BE SAID TO BE IN HIS/HER BEST INTEREST (EMPHASIS MINE) SEE, EX PARTE WILSON 724 S.W. 2d 72, 74 (TEX. CRIM. APP. 1987) SURELY THAT CAN NOT BE COMPETENT ADVICE. A LAWYER MUST ACTUALLY ACT IN A "REASONABLE, RELIABLE AND ADVERSARIAL MANNER AND SUBSTANTIAL ASSIST HIS CLIENT TO STAY OUT OF JAIL NOT COMMIT THEM FURTHER.

SEE, STRICKLAND V. WASHINGTON, 466 U.S. 686; GARZA V. STATE 213 S.W. 3d 338, 347 (TEX. CRIM. APP. 2007).

WHETHER TRIAL COUNSEL WAS "REASONABLY EFFECTIVE" IS THUS JUDGED BY TERMS OF THE "TOTALITY" OF THE REPRESENTATION. I FEAR COUNSEL OVER ALL FAILED IN HIS REPRESENTATION.

THE RECORD REFLECTS TRIAL COUNSEL ALLOWED APPELLANT TO SUBMIT APPLICATION FOR COMMUNITY SUPERVISION WITHOUT FOLLOWING UP TO SEE IF DEFENDANT WAS EVEN ELIGIBLE FOR COMMUNITY SUPERVISION (A MINISTERIAL DUTY) WHICH CAUSED APPELLANT TO BE INDICTED AND CHARGED WITH / FOR AGGRAVATED PERJURY, THEREAFTER TRIAL COUNSEL WAS NOT ALLOWED TO WITHDRAW AS ATTORNEY OF RECORD, THIS BEING A SERIOUS VIOLATION OF A GREAT MAGNITUDE WHICH RENDERED THE ENTIRE REPRESENTATION INEFFECTIVE. SEE, STRICKLAND, Id.

TO PREVAIL A CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL APPELLANT MUST SHOW BY A PREPONDERANCE OF EVIDENCE THAT:

1. COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS.

2. THAT A REASONABLE PROBABILITY EXISTS THAT, BUT FOR TRIAL COUNSEL'S ERROR(S) THE RESULT / VERDICT WOULD HAVE BEEN DIFFERENT.

ALLEGATIONS THAT TRIAL COUNSEL WAS INEFFECTIVE MUST BE FIRMLY ROOTED IN THE RECORD AND NOT BASED ON SPECULATION. IN THIS INSTANCE I ALLOW THE RECORD TO SHOW AND SPEAK FOR IT SELF. SEE, BONE V. STATE 77 S.W. 3d 828, 835 (TEX. CRIM. APP. 2002). WHAT MORE / HOW MUCH MORE CAN APPELLANT DO OR SHOW THIS COURT OR TO PRESENT MORE DIRECT EVIDENCE. APPELLANT CERTAINLY CANNOT BEGIN TO JUSTIFY TRIAL COUNSEL'S REASONS OR IN-ACTIONS AT TRIAL. TRIAL COUNSEL'S DEFICIENCY'S ALONE ARE A AFFIRMATIVE DEMONSTRATION OF THE RECORD. SEE, MATA V. STATE, 226 S.W. 3d. 425, 430 (TEX. CRIM. APP. 2007)

THIS REVIEWING COURT SHOULD FIND THAT TRIAL COUNSEL'S DEFICIENCY TO SHOW AN AFFIRMATIVE DEMONSTRATION OF THE RECORD THAT "NO REASONABLE TRIAL STRATEGY COULD JUSTIFY COUNSELS LACK OF DUE DILIGENT OR WORK ETHIC". SURELY TRIAL COUNSEL CAN NOT MAKE A REASONABLE JUSTIFICATION FOR THIS ERROR NOT JUSTIFY THIS CONDUCT. SEE ANDREWS 159 S.W. 3d 102-03. CAN IT BE SAID TO HAVE BEEN A STRATEGIC MOTIVE OF TRIAL COUNSEL'S ACTIONS? I PRAY NOT!

THIS APPELLANT COURT CANNOT / SHOULD NOT PRESUME THAT THIS DEFENSE COUNSEL'S ACTIONS / CONDUCT, FALL WITHIN THE WIDE RANGE AND DISCRETION GRANTED TO TRIAL COUNSELS AS REASONABLY EFFECTIVE IS IT REASONABLY THE NORM FOR DEFENSE COUNSEL TO CAUSE HIS CLIENT TO OBTAIN A NEW INDICTMENT AND CHARGE? I PRAY NOT!

This lawyer did NEITHER, which by a mere preponderance of the evidence shows his ineffectiveness as trial counsel. SEE, JACKSON 766 S.W. 2d 508.

A lawyer's failure to give his/her client complete and competent advice which would prevent a client from making this type of mistake. SEE GALLEGOS V. STATE, 756 S.W. 2d 45, 48 (TEX. APP. SAN ANTONIO 1988 PET. REF'd)

For a defendant's decision to be voluntary and knowingly, it must be made with sufficient awareness and understanding of all the relevant circumstances and likely consequences. Furthermore, it must constitute an intentional relinquishment or abandonment of his/her known rights and or privileges. SEE, Johnson V. STATE 304 U.S. 458, 464 (1938); Brady v. United States, 397 U.S. 742 (1970); EX PARTE BATTLE 817 S.W. 2d 81, 88 (TEX. CRIM. APP. 1991)

To commit aggravated perjury a party acting with this intent to promote or assist a witness(es) in committing said perjury must "solicit, encourage, direct, aid or attempt to aid the directness to commit perjury."

"Could MY ATTORNEY be RESPONSIBLE by THE LAW OF PARTIES"? SEE, Hardy V. STATE, 246 S.W. 3d 290, 296 (TEX. APP. Houston [14th dist.] 2008, PET. REF'd); SEE ALSO, TEX. PENAL Code § 37.02, 37.03 AND 7.02(A)(2).

LET THE RECORD REFLECT APPELLANT WAS AIDDED, SOLICIT, DIRECTED, ENCOURAGED TO COMMIT PERJURY, AS LAWYER AND HIS STAFF MADE, ENLISTED, MADE AVAILABLE MOTION FOR COMMUNITY SUPERVISION, WITHOUT FIRST CHECKING WAS I EVEN ELIGIBLE. DUE TO HIS FAILURE TO PROPERLY INVESTIGATE THIS ISSUE.

AS NOTED ABOVE, A TRIAL ATTORNEY'S DUTY IS TO:
* MAKE A REASONABLE INVESTIGATION AND HAVE A FIRM COMMAND OF THE FACTS; SEE, WIGGINS, 539 U.S. 521-22; STRICKLAND V. WASHINGTON 466 U.S. 690, 91; WELBORN 785 SW 2d 393.
* TO ACT IN A RELIABLE AND ADVERSARIAL MANNER, NOT SET A CLIENT UP FOR A FALL. SEE JACKSON 766 S.W. 2d 508.
* TO EXERT TRIAL COUNSEL'S BEST EFFORTS TO ENSURE THAT APPELLANT DECISIONS ARE BASED ON CORRECT INFORMATION ABOUT THE FACTS OR LAW(s) AT ISSUE. SEE, GALLEGOS 756 S.W. 2d 48.

IN EXPARTE WELBORN, 785 S.W. 2d 393; EX PARTE YBARRA, 629 S.W. 2d 943, 946 (TEX. CRIM. APP. 1982); EX PARTE DUFFY 607 S.W. 507, 516 (TEX. CRIM. APP. 1980) IT STATES: IT MAY NOT BE ARGUED THAT OVER THE GIVEN COURSE OF CONDUCT THAT IS WITHIN THIS REALM OF ALLEGED TRIAL STRATEGY UNLESS/UNTIL TRIAL ATTORNEY HAD CONDUCTED, AT LEAST MADE A REASONABLE EFFORT WHICH WAS SIMPLY A MINISTERIAL DUTY, MAKING A NECESSARY FACTUAL INVESTIGATION WHICH WOULD HAVE ENABLE HIM TO MAKE A MORE RATIONAL INFORMED DECISION ON THE GREATER BEHALF OF HIS CLIENT. AS TRIAL COUNSEL HAS A DUTY TO BRING TO BEAR

27

SUCH TRIAL SKILLS AND KNOWLEDGE SO HE MAY RENDER A MORE RELIABLE ADVERSARIAL PROCESS AT TRIAL.

## APPLICATION OF FACTS

DEFENSE COUNSEL ADMITS TO HAVING PREPARED THE document AND FILING IT IN HIS CLIENT'S behalf AMONG OTHER COURT DOCUMENTS. THIS SHOWS A CULPABLE STATE, AS THERE IS NO LOGICAL OR STRATEGIC ADVANTAGE TO ADVISE A CLIENT TO COMMIT YET ANOTHER CRIMINAL OFFENSE (AGGRAVATED PERJURY) DURING THE PENDENCY THE AWAITING TRIAL OF ANOTHER.

TO ADD HARM AND INJURY, DEFENDANT WAS FORCED TO GO TO TRIAL WITH COUNSEL THAT JUST CAUSED DEFENDANT TO BE CHARGED WITH YET ANOTHER FELONY OFFENSE, AS TRIAL COURT DID NOT ALLOW THIS TRIAL COUNSEL TO WITHDRAW DESPITE THE CONFLICT OF INTEREST THAT OCCURED.

DEFENSE TRIAL COUNSEL DID THEREFORE, INTENTIONALLY AND KNOWINGLY AID AND ABATED THIS PARTY (DEFENDANT) TO PROMOTE, ASSIST HIS CLIENT TO COMMIT PERJURY, AS HE SOLICIT, ENCOURAGED DIRECTED THIS DEFENDANT TO COMMIT PERJURY. SEE, HARDY V. STATE, 246 S.W. 3d 290, 296 (TEX. APP. - HOUS. [14th DIST] 2008, PET. REF'd)

IN THIS APPELLANT'S CAUSE, DEFENSE TRIAL COUNSEL ACTED BELOW THE WIDE RANGE OF ATTORNEY COMPETENCE AS A MATTER OF LAW. SEE, MOUSSAZADEH, 361 S.W. 685, 689 (TEX. CRIM. APP. 2012); EX PARTE BATTLE, 817 S.W. 2d 81, 83 (TEX. CRIM. APP. 1991); EX PARTE FELTON, 815 S.W. 2d 733, 735-36 (TEX. CRIM. APP. 1991).

THE SECOND PRONG OF STRICKLAND SUPRA, IS SATISFIED MERELY BECAUSE THERE IS A REASONABLE LIKELIHOOD THAT APPELLANT "WOULD NOT HAVE SUBMITTED TO SIGNING AND FILING THE SWORN STATEMENT" BUT FOR DEFENSE COUNSEL ASSURANCE ACTS/OMISSIONS APPELLANT/DEFENDANT PLACED HISSELF AT FURTHER RISK IN THE PUNISHMENT PHASE, WITH AN ADDITIONAL FELONY CHARGE AS A RESULT. COURSE, IT MAY BE PRESUMED TRIAL COUNSEL WOULD NOT/ SHOULD HAVE PLACED NEITHER IN THIS POSITION AT odds, had HE CONDUCTED HIS MINISTRIAL DUTY AND PROPERLY INVESTIGATED THIS ISSUE, AT LEAST COULD HAVE DELIGATED THE ISSUE.

WHEN A DEFENSE SUFFERS/CAUSES AN ACTUAL CONFLICT OF INTEREST AND HIS/HER PERFORMANCE "ADVERSELY AFFECTS" HIS/HER CLIENT'S INTEREST WHICH PREJUDICED THE CLIENT FROM RECEIVING A FAIR TRIAL, THE SECOND PRONG OF STRICKLAND V. WASHINGTON SUPRA CAN AND SHOULD BE PRESUMED. SEE, CUYLER V. SULLIVAN 466 U.S. 335, 348, 50.

AN ACTUAL CONFLICT OF INTEREST APPEARS WHEN COUNSEL IS REQUIRED TO MAKE A CHOICE BETWEEN ADVANCING THE DEFENDANT'S INTEREST OR ADVANCING ANOTHER, INCLUDING BUT NOT LIMITED TO COUNSEL'S OWN INTEREST TO THE DETRIMENT OF THE DEFENDANT. SEE, MONREAL V. STATE, 947 S.W. 2d 559, 564 (TEX. CRIM. APP. 1997)

## Conclusion

For these and all other reasons, this court should sustain point of error seven and arrest and vacate this conviction and sentence. In alternate this Honorable Court should reverse and remand for a new trial.

## Prayer

Wherefore all premises considered, this appellant prays to Almighty God, before this Honorable Court, shall sustain all points of error one, two, three, four, five, six and seven, to include but no less than ineffective assistance of counsel. May this court arrest and vacate judgment, conviction and sentence in alternative, appellant may be allowed a reversal and remand to trial court. Appellant further prays, for any, all other remedies he may be entitled too, so help me God.

Executed on this 1st day of
June 2015

Respectfully Submitted

Julio Torres Palomo
#1923341
McConnell Unit
3001 S. Emily dr.
Beeville, Texas 78102

## Certificate of Service

I certify to mailing a copy of this petition for discretionary review to the appellant division of Hunt County District Attorney's office at 2507 Lee Street, Greenville Texas 75403-0041

Executed on this 1st day of
June 2015

Respectfully,

Julio Palomo

29

## UNSWORN DECLARATION

I, JULIO TORRES PALOMO, TDCJ-CID #1923341, HEREBY declare under the Penalties of Perjury that I am presently in the confinement of William G. McConnell unit 3001 S. Emily dr. Beeville, Texas 78102. I Further declare that all Facts and Statements are true and correct to the best of my Knowledge so help me God.

Julio Palomo
JULIO TORRES PALOMO
#1923341
McConnell unit
3001 S. Emily dr
Beeville, Texas 78102

EXECUTED ON THIS __1st__ day of
__June__ 2015

30